IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CRYSTAL LEIGH WENTWORTH,<br><br>       Plaintiff,<br><br>  v.<br><br>SGT. JOSHUA BEAUCHAMP; OFFICER BARTCHLETT; OFFICER JOHN DOE; and JIM PROCTER, in their official and individual capacities,<br><br>       Defendants. | CIVIL ACTION NO.: 2:21-cv-55 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. Claims against Defendants Bartchlett and Beauchamp in their official capacities;

2. State law claims for assault and battery; and

3. State law claims for intentional infliction of emotional distress.

However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order:

1. Fourteenth Amendment excessive force claim against Defendant Beauchamp;

2. Fourteenth Amendment failure to intervene claim against Defendant Bartchlett;

3. Fourteenth Amendment deliberate indifference to a serious medical need claim against Defendants Bartchlett and Beauchamp;

4. Fourteenth Amendment equal protection claim against Defendants Beauchamp and Bartchlett; and

5. Policy or custom claim against Defendant Procter in his individual and official capacity.

## PLAINTIFF'S CLAIMS[1]

Plaintiff brings this action, asserting claims under 42 U.S.C. § 1983 and state law for events occurring while she was incarcerated at the Camden County Jail. Doc. 1 at 3. Plaintiff alleges on June 7, 2019, she requested medical treatment because she felt sick, had chest pains, and was short of breath. Id. Defendant Beauchamp, an officer at the Camden County Jail, denied Plaintiff's request for medical assistance. Rather than providing medical assistance, Defendant Beauchamp grabbed Plaintiff by the neck and slammed her to the floor. Id. As a result of the attack, Plaintiff vomited. Id. Plaintiff alleges this assault amounted to excessive force and violated her Fourteenth Amendment rights. Id. at 5.

When Defendant Beauchamp assaulted Plaintiff, Defendant Bartchlett was also present, but he did not try to stop the assault. Id. at 4. Instead, Defendant Bartchlett helped Defendant Beauchamp place Plaintiff on a bench following the assault, while Defendant Beauchamp directed profanities and racial slurs at Plaintiff because she has children with a black man. Id. at 4. Plaintiff brings a failure to intervene claim against Defendant Bartchlett based on his action. Id. at 6. Further, Defendants Beauchamp and Bartchlett never provided Plaintiff with medical attention following the attack. Based on this, Plaintiff brings a deliberate indifference claim against Defendants Beauchamp and Bartchlett. Id. at 7.

As a result of the attack by Defendant Beauchamp, Plaintiff suffered contusions, injuries to her shoulder and neck, and psychiatric problems. Id. Along with the above-mentioned claims for excessive force, failure to intervene, and deliberate indifference, Plaintiff brings an Equal

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Protection Clause claim against Defendants Beauchamp and Bartchlett on the basis of race, a claim against Defendant Proctor alleging an unlawful policy or custom, and state law claims for assault and battery and intentional infliction of emotional distress.  Id. at 8–12.  Plaintiff is suing all Defendants in their official and individual capacities and seeks monetary damages.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

I.  **Official Capacity Claims**

In her Complaint, Plaintiff asserts claims against all Defendants in their individual and official capacities.  Doc. 1.  Plaintiff, however, cannot sustain a § 1983 claim for monetary

3

damages against Defendants Beauchamp and Bartchlett in their official capacities.[2]  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983.  Id. at 71.  Furthermore, it is well-settled law that sheriffs and members of the sheriff department acting in a law enforcement capacity are acting on behalf of the state.  See Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003); Grech v. Clayton County, 335 F.3d 1326, 1347 (11th Cir. 2003) ("[T]he sheriff acts on behalf of the State in his function as a law enforcement officer. . . .").  As this Court has recognized:

> Since Manders was decided in 2003, the relevant Georgia law remains essentially unchanged.  Indeed, it is now 'insurmountable' that Georgia sheriffs act as arms of the state—not as county officials . . . .  In sum, Manders and its progeny dictate that where a sheriff and his deputies are performing their official and authorized duties as state actors . . . they are entitled to Eleventh Amendment immunity from a § 1983 claim for money damages or other retrospective relief brought against them in their official capacities.

Frederick v. Brown, No. CV 113-176, 2015 WL 4756765, at *14 (S.D. Ga. Aug. 10, 2015) (citing Manders, 338 F.3d at 1309; Grech, 335 F.3d at 1332–40; Hall v. Fries, No. 7:13-CV-105, 2014 WL 1389063, at *4–5 (M.D. Ga. Apr. 9, 2014); Scott v. Mercier, No. 5:06-CV-33, 2007 WL 2728440 (S.D. Ga. Sept. 14, 2007); and Lewis v. Wilcox, No. 3:06-cv-29, 2007 WL 3102189, at *8 (M.D. Ga. Oct. 23, 2007)).

---

[2]  Plaintiff's official capacity claim against Defendant Procter remains pending.  Claims against supervisory officials in their official capacities are cognizable under § 1983 if the challenged conduct results from an official policy or custom or if the official is a final policymaker regarding the challenged conduct.  Scala v. City of Winter Park, 116 F.3d 1396, 1399–1401 (11th Cir. 1997).  Because Plaintiff brings a policy or custom claim against Defendant Procter, her official capacity claim is not subject to dismissal at this time.

Here, the State of Georgia would be the real party in interest in a suit against Defendants Bartchlett and Beauchamp in their official capacities as employees of the Camden County Sherriff's Department. Accordingly, the Eleventh Amendment immunizes these Defendants from suit for monetary damages in their official capacities. Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants Beauchamp and Bartchlett in their official capacities for monetary relief. Accordingly, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants Beauchamp and Bartchlett in their official capacities under § 1983.

## II.     Plaintiff's State Law Claims

Plaintiff brings state law claims for assault and battery, as well as intentional infliction of emotional distress claim, against Defendants Beauchamp and Bartchlett.[3]  Doc. 1 at 10–12. However, Plaintiff's state law claims against Defendants in their official and individual capacities are due to be dismissed.

### A.     Assault and Battery Claim

Asserting state law claims for assault and battery against Defendants Beauchamp and Bartchlett in their official capacities is the same as suing the State of Georgia. Georgia is immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden, 527 U.S. at 712–13. Further, "[p]ursuant to [Georgia's] state constitution, sovereign immunity insulates the state and its departments and agencies from liability except to the extent that the legislature enacts a specific waiver." Southerland v. Ga. Dep't of Corr., 666 S.E.2d 383, 385 (Ga. Ct. App. 2008); Ga. Const. of 1983, Art. I, Sec. II, Par.

---

[3]     The Court exercises its supplemental jurisdiction over Plaintiff's state law claims, because she has set forth plausible federal claims against Defendants Beauchamp and Bartchlett. 28 U.S.C. § 1367(c); L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 427 (11th Cir. 1984).

IX(e).  The Georgia Tort Claims Act ("GTCA") provides the "state waives its sovereign immunity for the torts of state officers and employees while acting within the scope of their official duties or employment."  O.C.G.A. § 50-21-23(a).  However, the GTCA also provides 13 categories of losses for which the state has not waived sovereign immunity.  O.C.G.A. § 50-21-24.  These exceptions include losses arising from assault and battery.  O.C.G.A. § 50-21-24(7).  Consequently, sovereign immunity bars Plaintiff's assault and battery claims against Defendants Bartchlett and Beauchamp in their official capacities.

      Plaintiff also sues Defendants in their individual capacities.  Doc. 1 at 3.  Sovereign immunity "does not protect state employees sued in their individual capacity for employment-related acts."  Jackson v. Ga. Dep't of Transp., 16 F.3d 1573, 1575 (11th Cir. 1994).  However, the GTCA provides, "This article constitutes the exclusive remedy for any tort committed by a state officer or employee.  A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor."  O.C.G.A. § 50-21-25(a).  This state law exemption from individual liability for state officers and employees has been construed broadly.  See Romano v. Ga. Dep't of Corr., 693 S.E.2d 521, 525 (Ga. Ct. App. 2010) (dismissing state law conversion claims against correctional officers); Davis v. Standifer, 621 S.E.2d 852 (Ga. Ct. App. 2005).  "Since there is no exemption in [O.C.G.A.] § 50-21-25 for acts motivated by malice or intent to injure, the presence of such motivation has no effect on the immunity granted by this statute."  Ridley v. Johns, 552 S.E.2d 853, 854 (Ga. 2001).  "Where the state employee acts in the prosecution and within the scope of his official duties, intentional wrongful conduct comes within and remains within the scope of employment."  Romano, 693 S.E.2d at 525 (quoting Ford v. Caffrey, 666 S.E.2d 623, 626 (Ga. Ct. App. 2008)); see also Minor v. Barwick, 590 S.E.2d 754, 762–63 (Ga. Ct. App. 2003)

(Official immunity under O.C.G.A. § 50-21-25(a) applies even when a state correctional officer acted with malice and intent to injure.); Bryant v. Harris County, No. 4:18-CV-106, 2018 WL 5316359, at *9 (M.D. Ga. Oct. 26, 2018) (concluding plaintiff's claims based on Georgia Department of Corrections' guard's use of force against plaintiff "would clearly be barred by the assault and battery exception to the waiver of sovereign immunity").

Plaintiff sues Defendants Bartchlett and Beauchamp for actions that were taken within the scope of their employment as employees of the Camden County Sheriff's Department. Thus, under O.C.G.A. § 50-21-25(a), Plaintiff cannot hold Defendants Bartchlett and Beauchamp liable under state law in their individual capacities for assault and battery. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's state law assault and battery claims against Defendants Bartchlett and Beauchamp in both their individual and official capacities.

### B.    Intentional Infliction of Emotional Distress Claim

Plaintiff's state law claims of intentional infliction of emotional distress are barred for the same reasons as his state law assault and battery claims. The assault and battery exception applies "where a loss results from assault or battery." Southerland, 666 S.E.2d at 385 (quoting Dep't of Human Res. v. Coley, 544 S.E.2d 165, 167 (Ga. Ct. App. 2000)). Thus, Plaintiff cannot skirt the assault and battery exception to GTCA liability by labeling her claims as intentional infliction of emotional distress. Id. Rather, because her claims arise out of Defendants Bartchlett and Beauchamp's alleged assault and battery, she cannot recover against them in their official capacities under state law. Additionally, as detailed above, O.C.G.A. § 50-21-25(a) prevents Plaintiff from suing Defendants Bartchlett and Beauchamp under state law in their individual capacities. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's state law

7

intentional infliction of emotional distress claim against Defendants Bartchlett and Beauchamp in both their individual and official capacities.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. Claims against Defendants Bartchlett and Beauchamp in their official capacities;

2. State law claim for assault and battery; and

3. State law claim for intentional infliction of emotional distress.

However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order:

1. Fourteenth Amendment excessive force claim against Defendant Beauchamp;

2. Fourteenth Amendment failure to intervene claim against Defendant Bartchlett;

3. Fourteenth Amendment deliberate indifference to a serious medical need claim against Defendants Bartchlett and Beauchamp;

4. Fourteenth Amendment equal protection claim against Defendants Beauchamp and Bartchlett; and

5. Policy or custom claim against Defendant Procter in his individual and official capacity.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal

conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 18th day of August, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA