IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| CRYSTAL LEIGH WENTWORTH | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action |
| vs. | ) | File 2:21-cv-55 |
| | ) | |
| SGT. JOSHUA BEAUCHAMP; | ) | |
| OFFICER BARTCHLETT; | ) | |
| OFFICER JOHN DOE; and JIM | ) | |
| PROCTOR, in his official and | ) | |
| individual capacity as Sheriff for | ) | |
| Camden County. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW defendants Sgt. Joshua Beauchamp, Officer Bartchlett, and Sheriff Jim Proctor, in his individual and official capacity, ("Defendants") by and through the undersigned counsel of record, and submit their answer and defenses to plaintiff's complaint, showing the Court as follows:

## FIRST DEFENSE

Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

In response to the numbered paragraphs of plaintiff's complaint, these defendants answer as follows:

## ANSWER TO: "INTRODUCTION"

1.

Defendants deny that any of plaintiff's claims have merit and deny that she is entitled to any damages.

## ANSWER TO: "I. JURISDICTION"

2.

Defendants admit that this Court has original jurisdiction over plaintiff's claims brought under 42 U.S.C. § 1983. Defendants deny the remaining allegations in paragraph 2 of plaintiff's complaint.

## ANSWER TO: "II. VENUE"

3.

Defendants admit the allegations in paragraph 3 of plaintiff's complaint.

4.

Defendants admit that venue is proper. Defendants deny the remaining allegations in paragraph 4 of plaintiff's complaint.

## ANSWER TO: "IV. PARTIES"

### 5.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of plaintiff's complaint and put plaintiff upon strict proof of the same.

### 6.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of plaintiff's complaint and put plaintiff upon strict proof of the same.  Specifically, defendants are unable to discern what plaintiff is alleging with the statement "duly sworn and licensed correctional officers of the Camden County Sheriff and the Camden County Sheriff."

### 7.

Defendants admit the allegations in paragraph 7 of plaintiff's complaint.

### 8.

Defendants admit the allegations in paragraph 8 of plaintiff's complaint.

### 9.

Defendants admit the allegations in paragraph 9 of plaintiff's complaint but deny liability and that she is entitled to any relief as alleged.

## ANSWER TO: "V. STATEMENT OF FACTS"

### 10.

Defendants admit the allegations in paragraph 10 of plaintiff's complaint.

### 11.

Defendants admit that plaintiff requested medical treatment and requested a squad after alleging shortness of breath.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of plaintiff's complaint and put plaintiff upon strict proof of the same.

### 12.

Defendants deny the allegations in paragraph 12 of plaintiff's complaint.

### 13.

Defendants deny the allegations in paragraph 13 of plaintiff's complaint.

### 14.

Defendants deny the allegations in paragraph 14 of plaintiff's complaint.

### 15.

Defendants deny the allegations in paragraph 15 of plaintiff's complaint.

### 16.

Defendants deny the allegations in paragraph 16 of plaintiff's complaint.

17.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of plaintiff's complaint and put plaintiff upon strict proof of the same.

18.

Defendants deny the allegations in paragraph 18 of plaintiff's complaint as stated.

19.

Defendants deny the allegations in paragraph 19 of plaintiff's complaint.

## ANSWER TO: "VI. COMPLAINT PREREQUISITES"

20.

Defendants deny the allegations in paragraph 20 of plaintiff's complaint.

21.

Defendants deny the allegations in paragraph 21 of plaintiff's complaint.

## ANSWER TO: "VI. COUNT I FOURTEENTH AMENDMENT EXCESSIVE FORCE 42 U.S.C. § 1983"

22.

Defendants deny the allegations in paragraph 22 of plaintiff's complaint.

23.

Defendants deny the allegations in paragraph 23 of plaintiff's complaint.

24.

Responding to l 24 of plaintiff's complaint, defendants deny any liability and deny that she is entitled to any damages.

25.

Responding to paragraph 25 of plaintiff's complaint, any liability and deny that she is entitled to any damages.

## ANSWER TO: "COUNT II FOURTEENTH AMENDMENT FAILURE TO INTERVENE 42 U.S.C. § 1983"

26.

Defendants deny the allegations in paragraph 26 of plaintiff's complaint.

27.

Defendants deny the allegations in paragraph 27 of plaintiff's complaint.

28.

Defendants deny the allegations in paragraph 28 of plaintiff's complaint.

29.

Responding to paragraph 29 of plaintiff's complaint, defendants deny any liability and deny that she is entitled to any damages.

30.

Responding to paragraph 30 of plaintiff's complaint, defendants deny any liability and deny that she is entitled to any damages.

## <u>ANSWER TO: "COUNT II FOURTEENTH AMENDMENT DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED 42 U.S.C. § 1983"</u>

31.

Defendants deny the allegations in paragraph 31 of plaintiff's complaint.

32.

Defendants deny the allegations in paragraph 32 of plaintiff's complaint as stated.

33.

Defendants deny the allegations in paragraph 33 of plaintiff's complaint as stated.

34.

Defendants deny the allegations in paragraph 34 of plaintiff's complaint.

35.

Responding to paragraph 35 of plaintiff's complaint, defendants deny liability and deny that she is entitled to any damages.

36.

Responding to paragraph 36 of plaintiff's complaint, defendants deny any liability and deny that she is entitled to any damages.

## ANSWER TO: "COUNT II FOURTEENTH AMENDMENT EQUAL PROTECTION 42 U.S.C. § 1983"

### 37.

Defendants deny the allegations in paragraph 37 of plaintiff's complaint.

### 38.

Defendants deny the allegations in paragraph 38 of plaintiff's complaint.

### 39.

Responding to paragraph 39 of plaintiff's complaint, defendants any liability and deny that she is entitled to any damages.

### 40.

Responding to paragraph 40 of plaintiff's complaint, defendants deny any liability and deny that she is entitled to any damages.

## ANSWER TO: "COUNT V SHERIFF LIABILITY UNDER 42 U.S.C. § 1983"

### 41.

Defendants deny the allegations in paragraph 41 of plaintiff's complaint.

### 42.

Defendants deny the allegations in paragraph 42 of plaintiff's complaint.

### 43.

Responding to paragraph 43 of plaintiff's complaint, defendants deny any liability and deny that she is entitled to any damages.

44.

Responding to paragraph 44 of plaintiff's complaint, defendants deny any liability and deny that she is entitled to any damages.

45.

Except as expressly admitted, denied, or otherwise responded to, defendants deny all allegations in plaintiff's complaint.

46.

In its September 13, 2021 order, the Court dismissed plaintiff's monetary damages claims against defendants Beauchamp and Bratchlett in their official capacities and her state law claims for assault and battery and intentional infliction of emotional distress.  (Doc. 10, p. 1).  Defendants therefore are not required to respond to paragraphs 45 through 55 of plaintiff's complaint. Nonetheless, out of abundance of caution and to avoid any potential confusion, defendants hereby deny all of the allegations contained in paragraphs 45 through 55 of plaintiff's complaint.

## **THIRD DEFENSE**

Defendants show that plaintiff was not deprived of any constitutionally protected life, liberty, or property interest without due process of law, nor did defendants violate the rights of plaintiff under any provisions of or amendments to the United States Constitution, any other United States laws, any provisions of or amendments to the Georgia Constitution, or any other Georgia laws.

## FOURTH DEFENSE

Defendants did not breach any duty they may have owed plaintiff based upon the allegations in the complaint.

## FIFTH DEFENSE

Plaintiff's damages, if any, resulted solely from the voluntary and intentional conduct of plaintiff or others and not from any conduct of defendants or those over whom defendants had any control.

## SIXTH DEFENSE

Plaintiff's damages, if any, were caused by the independent acts and decisions of persons and entities other than defendants or those over whom defendants had some legal right of control.

## SEVENTH DEFENSE

To the extent as may be shown by the evidence through discovery, plaintiff's damages, if any, were caused by the deliberate, criminal conduct of plaintiff, and such criminal conduct supersedes any and all negligence or liability, if any, on the part of defendants.

## EIGHTH DEFENSE

To the extent as may be shown by the evidence through discovery, defendants assert the affirmative defenses of assumption of risk, contributory negligence,

-10-

estoppel, failure to mitigate damages, fraud, illegality, laches, release, res judicata, statute of limitations, and waiver.

## NINTH DEFENSE

The alleged conduct of defendants, sued in their individual capacity, was discretionary in nature, and did not violate any clearly established constitutional right of which every reasonable officer would have had fair notice, and was likewise objectively reasonable, thereby entitling them to qualified immunity.

## TENTH DEFENSE

Defendants show that all of their alleged actions or inactions with respect to plaintiff were carried out in the performance of their official, discretionary duties and without actual malice or actual intent to cause injury to plaintiff. Accordingly, defendants are entitled to official immunity under Georgia law.

## ELEVENTH DEFENSE

To the extent plaintiff has attempted to assert state-law claims against defendants in their official capacity, defendants assert the defense of sovereign immunity to the fullest extent allowed by law.

## TWELFTH DEFENSE

To the extent plaintiff has attempted to assert state-law claims against defendants in their official capacity and to the extent as may be shown through the

evidence in discovery, such claims are barred by plaintiff's failure to give timely and adequate notice of her claims.

## THIRTEENTH DEFENSE

Defendants, in their official capacity, are immune from punitive damages under federal and state law. Newport v. Fact Concerts, 453 U.S. 247, 271 (1981); City of Columbus v. Myszka, 246 Ga. 571, 573, 272 S.E.2d 302 (1980).

## FOURTEENTH DEFENSE

The imposition of punitive damages against defendant would violate their rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution.

## FIFTEENTH DEFENSE

Defendants in their official capacity is immune from suit under the Eleventh Amendment.

## SIXTEENTH DEFENSE

Defendants in their official capacity is entitled to the defense of sovereign immunity.

## SEVENTEENTH DEFENSE

Defendants reserve the right to plead and prove such other defenses as may become known to them during the course of his investigation and discovery.

WHEREFORE, having fully listed their defenses and having fully answered the complaint, defendants pray as follows:

(a)     That judgment be entered in favor of defendants and against plaintiff on the complaint;

(b)     That the costs of this action, including attorney fees, be cast against plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

**DEFENDANTS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**FREEMAN MATHIS & GARY, LLP**

s/ Sun S. Choy
Sun S. Choy
Georgia Bar No. 025148
Counsel For Defendants
Freeman Mathis & Gary, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T: (770) 818-0000
schoy@fmglaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have this day electronically submitted the foregoing

**<u>DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S</u>**

**<u>COMPLAINT</u>** to the Clerk of Court using the CM/ECF system which will

automatically send electronic mail notification of such filing to counsel of record

who are CM/ECF participants.  Counsel of record is:

James A. Yancey, Jr., Esq.
James a. Yancey, Jr., Attorney at Law, P.C.
704 G Street
Brunswick, Georgia 31520-6749
jayjr@standinthegap.biz

This 5th day of November, 2021.

s/ Sun S. Choy
Sun S. Choy
Georgia Bar No. 025148
Counsel For Defendants
Freeman Mathis & Gary, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T: (770) 818-0000
schoy@fmglaw.com